BRUCE W. NICKERSON, C.B.N. 90760
231 Manor Drive
San Carlos, CA 94070
Tel: (650) 594 0195
FAX (650) 596 0595
Email: *brucenic@pacbell.net*

Attorney for KEITH BOHREN, aka ROXANNE. and the Plaintiff Class

# IN THE UNITED STATES DISTRICT COURT FOR

# THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH BOHREN, aka ROXANNE, individually and on behalf of a Class of Persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SAN JOSE, SAN JOSE POLICE DEPARTMENT, OFFICER AVILA Badge #4407, COUNTY OF SANTA CLARA, and Does I through X, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR FALSE ARREST, DISCRIMINATORY ENFORCEMENT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND NEGLIGENCE**<br><br>JURY TRIAL DEMANDED |

1.	This is a civil rights action for Declaratory and injunctive relief and damages brought pursuant to (a) 42 U.S.C. Sections 1983, 1985, and 1988, (b) 18 U.S.C. 1961 et seq., (c) the First, Fourth, and Fourteenth Amendments to the United States Constitution, and (d) the Commerce Clause of the United States Constitution. The Complaint seeks redress from one or more of the Defendants due to their: (i) arbitrary and unlawful

.

discrimination on the basis of gender expression; (ii) arbitrary and unlawful discrimination on the basis of gender; (iii) practice of arbitrarily, unlawfully and maliciously enforcing the law in a discriminatory manner against the named Plaintiff and other similarly situated individuals; (iv) practice of arbitrarily, unlawfully and maliciously harassing, targeting for arrest, and/or arresting the named Plaintiff and other similarly situated individuals without probable cause; (v) practice of arbitrarily, unlawfully, and maliciously violating the named Plaintiff and other similarly situated individuals' right to freedom of speech, expression, association; and (vi) practice of arbitrarily, unlawfully, and maliciously violating the named plaintiff's and other similarly situated individuals' right to equal protection under the law.

## JURISDICTION AND VENUE

2. The Court has jurisdiction of this action under 28 U.S.C. § 1331 and 1343. Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because the acts and/or omissions complained of occurred in the Northern District of California and the acts described took place within the Northern District of California.

3. The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

## PARTIES

4. Named Plaintiff KEITH BOHREN, aka ROXANNE, was at all relevant times a resident of the City of San Jose, County of Santa Clara, California.

5. Named Plaintiff and Class Representative wishes to be referred to in this

complaint as ROXANNE which reflects her status as a transgendered person.

6. The above named plaintiff seeks to represent a class of individuals (hereinafter, the "Plaintiff Class"), which is defined and described in further detail at paragraph 15 below.

7. Defendant CITY OF SAN JOSE is a municipal corporation located in the County of Santa Clara and is established by the laws and constitution of the State of California; as such, it owns, operates, manages, directs, and controls the San Jose Police Department (hereinafter "SJPD") which employs other Defendants in this action.

8. Defendant OFFICER AVILA Badge #4407 is an officer of the SJPD and is sued in his individual and official capacity.

9. Defendant COUNTY OF SANTA CLARA is a government entity of the State of California and operates the Santa Clara County Jail (hereinafter ("SCCJ")).

10. Plaintiff is unaware of the identity of Does 1 through 10, inclusive and sues such persons by these fictitious names. Plaintiff believes, and on the basis of this belief alleges, that each of these Doe defendants are liable for the damages incurred by Plaintiff. Plaintiff will move to add these Doe Defendants as soon as their identity is established.

11. Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully or otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs and members of the Plaintiff Class.

12. Plaintiffs are informed and believe and thereon allege that each of the Defendants was at all relevant times an agent, servant, employee, partner, joint venturer,

co-conspirator, and/or alter ego of the remaining Defendants, Furthermore, Plaintiffs are informed and allege that each the Defendants in doing the things herein alleged was acting within the course and scope of that relationship. Plaintiffs are further informed and believe—and thereon allege—that each of the Defendants herein (a) gave consent, aid, and assistance to each of the remaining Defendants and furthermore (b) ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

13. At all relevant times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs' and members of the Plaintiff Class' constitutional rights and other harm. At all relevant times, each Defendant acted under color of the laws, statutes, ordinances, policies, practices, customs, and usages of the State of California, and the SJPD.

## PLAINTIFF CLASS ALLEGATIONS

14. The named Plaintiff and putative class representative bring this class action for declaratory and injunctive relief and damages on her own behalf and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff is a member of the class of persons whose members have been harmed by the specific allegations which are set forth infra in paragraph 15.

15. The Plaintiff Class consists of all Transgendered Persons who have been criminalized by Defendant CITY OF SAN JOSE since 1882 for (a) "appear[ing] in public wearing the dress not assigned to their sex", (b) falsely arrested for loitering and/or

.

prostitution, (c) otherwise hassled, in various areas of the CITY OF SAN JOSE, or (d) who have been incarcerated against their will with self-identified males by Defendant SANTA CLARA COUTY at the Main Jail. This Class is sufficiently defined legally for the following reasons.

    A. The membership of the defined class is so numerous that joinder of all members is impractical. On information and belief, hundreds of persons have been illegally arrested by the SJPD because they were perceived to be prostitutes.

    B. Questions of law and fact exist which are common to the class; and those questions predominate over questions affecting individual class members. Those common questions include whether one or more of the Defendants have violated the United States Constitution, the California Constitution, or Municipal Ordinance by: (i) targeting areas believed to be frequented by Transgendered Persons who are perceived to be prostitutes; (ii) effecting false arrests of persons, including persons who did not violate any law but who are perceived to be prostitutes; (iii) publicizing the targeting and arrests of persons who are perceived to be prostitutes; and (iv) inadequately or improperly training SJPD officers and sending them into areas known or assumed to be frequented by persons who are transgendered and perceived to be prostitutes with the unlawful objective of violating both (a) their rights pursuant to California law as well as (b) their constitutionally protected rights (i) to freedom of speech, expression, and association, (ii) to be free from unlawful search and seizure, (iii) to privacy and (iv) to equal protection.

C. The claims of the named Plaintiff and putative class representative is typical of the claims of the Plaintiff Class, since the named Plaintiff (i) is a transgendered person, (ii) was perceived by one or more SJPD officers to be a prostitute; (iii) was in or near a location targeted by SJPD officers because it is believed to be an area frequented by prostitutes; (iv) did not engage in any unlawful act in violation of federal, state, or municipal law; and (v) was arrested without a warrant and without probable cause even though she had committed no criminal act.

D. Consequently, the named plaintiff will uniquely and fairly represent and adequately protect the interests of the Plaintiff Class—and will do so vigorously and zealously. The named Plaintiff has no interests antagonistic to the Plaintiff Class; she seeks relief which will benefit all members of the Plaintiff Class; and she is represented by counsel who is competent and experienced in civil rights litigation.

E. By establishing, maintaining, encouraging, allowing and/or ratifying the practices alleged in her complaint, the Defendants have acted on grounds generally applicable to the Plaintiff Class and, as a result, declaratory and injunctive relief with respect to the Plaintiff Class is appropriate.

F. Prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to class members which would establish incompatible standards for parties opposing the class; Defendants have acted or refused to act on grounds generally applicable to the class and its members; and class questions predominate with respect to the class.

.

G. For all the reasons above, these actions are maintainable under F.R. Civ. P. Rule 23(a), (b)(1)(A), (B)(1), (2), and (3).

H. The nature of the notice to be provided to class members would be determined by the court.

## FACTUAL ALLEGATIONS

16. The SAN JOSE POLICE DEPARTMENT and Officer AVILA have established, maintained, encouraged, allowed and/or ratified a custom, practice or policy of: (i) targeting areas believed to be frequented by persons who are perceived to be prostitutes for the purpose of harassing these persons and interfering with their rights of speech, privacy, expression, association and equal protection; (ii) arresting persons falsely who are perceived to be prostitutes without warrants and without probable cause and accusing them of engaging in criminal activity even though no criminal activity was engaged in; (iii) treating individuals differently based on their gender and/or perceived sexual orientation; and (iv) failing to adequately train, supervise, instruct, monitor, and discipline SJPD Officers.

17. These defendants have established, maintained, encouraged, allowed, and/or ratified the above custom, practice, or policy with the tacit understanding that it would promote the unconstitutional and illegal goal of reducing the number of Transgendered Persons who appear in public.

.

## Allegations Pertaining to Named Plaintiff

## and Putative Class Representative named ROXANNE

18. Pursuant to the practice or policy set forth above, on July 9, 2019, at or around 11:40 p.m., Plaintiff arrived in downtown San Jose having taken public transit from the BART Station in Fremont. Plaintiff, an attorney, had spent the day in San Francisco speaking on behalf of Transgendered women.

19. Plaintiff was accompanied on the bus by another Transgendered woman.

20. Since the busses had stopped running late at night, Plaintiff and her companion walked to Plaintiff's home located in the 1000 block of South Second Street, San Jose.

21. Upon arrival, the other woman left to go to the store and Plaintiff changed clothes to go for her constitutional walk for exercise.

22. After an hour of walking—and failing to see the other woman—Plaintiff returned to her home.

23. As Plaintiff neared her residence, she noticed a vehicle moving strangely. As she walked, the car accelerated and parked across from Plaintiff's house.

24. Concerned, Plaintiff walked by her house and stopped at a neighbor's fence hoping the strange vehicle would leave. It didn't.

25. Plaintiff then walked the other way, hoping to be out of view of the strange car. Failing to succeed in that goal, Plaintiff walked across Second street and stopped behind a laundromat.

.

26. Eventually, the strange vehicle left. Plaintiff then walked backward at a 45 degree angle toward her house. To her consternation, the strange vehicle had circled around and was approaching her from the rear.

27. Plaintiff quickened her pace, hoping to reach the safety of her house. Suddenly a marked police SUV sped toward her going the wrong way on Second Street which is designated one-way in the opposite direction.

28. Defendant Officer AVILA holding Badge #4407 ordered Plaintiff to come over to where he and Officer Doe I were parked. Plaintiff complied and was informed she was under arrest.

29. Plaintiff asked, "What for?"

30. Defendant AVILA replied: "You know."

31. Plaintiff was then handcuffed by Doe I and was taken to a local holding area.

32. Plaintiff was searched as was the contents of her purse. Plaintiff asked to speak to a supervisor. The supervisor, Doe II, repeatedly insulted Plaintiff by addressing her using her dead name (i.e., the name she had been given at birth and no longer used).

33. Plaintiff repeatedly informed AVILA and Does I and II that she lived across the street and *owned* the house she lived in, but they all laughed and ridiculed her.

34. Plaintiff was told that a directive had been issued "from the top" that street walkers were to be taken to jail. Based on this revelation, Plaintiff reasoned that the arresting officers considered her to be a prostitute.

35. Plaintiff was then again placed in the SUV and taken to jail. As they passed by Plaintiff's house, Plaintiff requested that she be allowed to lock it and secure a gate

enclosing her yard. The officers, AVILA, and Does I through III all refused and again laughed at her request. Plaintiff agonized for the duration of the night and worried about her home being left unsecured.

36. At the jail, Plaintiff requested that she be held with the other Transgendered women. This request was denied by Doe IV, a jailer employed by Defendant SANTA CLARA COUNTY, who booked/processed Plaintiff as a male.

37. Jail personnel, Does V through VIII, ridiculed Plaintiff as she removed her jewelry to pass through the metal detector.

38. Plaintiff was eventually placed in a cell which was filthy with excrement and vomit. Plaintiff spent the night in her bare feet in that cell.

39. Plaintiff was released the next morning at around 10:00 a.m. She was the last of those arrested in the aforementioned sweep of suspected prostitutes to be released. The friend who had accompanied her on the bus from BART was released just before her.

40. Plaintiff was charged with a violation of Penal Code § 653.22 which is focused on loitering with intent to engage in prostitution and given a notice to appear on September 9, 2019.

41. As Plaintiff and her friend left the jail facility, they observed jail personnel, Does IX-X, laughing at them. Having no money, they walked from the main jail to Plaintiff's home on South Second Street.

42. Plaintiff appeared in court on September 9, 2019, and was told that no complaint had been filed. As of this date, no complaint has still been filed.

.

43. Plaintiff believed, and on the basis of that belief, alleges that she was arrested solely because she is transgendered and was walking at night. She now brings this lawsuit on her behalf and on behalf of others similarly situated who have been falsely arrested and charged with crimes they did not commit.

44. Plaintiff demands a jury trial.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION—FALSE ARREST

42.U.S.C.1983

4th, 14th Amendment

45. Plaintiffs re-allege and incorporate herein by reference the allegations in paragraphs 1 through 44.

46. When Defendant Officer AVILA arrested Plaintiff for walking after dark near her home, he made a false arrest because walking at night while being a Transgendered person is not a crime.

47. At all relevant times Officer AVILA was under the supervision of defendant SGT. DOE III who oversaw the police leading to this false arrest.

48. As a proximate result of the acts of Defendants, and each of them as herein alleged, Plaintiff was compelled to expend money all to her damage in an amount according to proof.

.

49. As a proximate result of the acts of Defendants, and each of them, Plaintiff has suffered damage to her reputation and shame, humiliation, and embarrassment in the community.

# SECOND CAUSE OF ACTION—DISCRIMINATORY ARREST

42.U.S.C.1983

14th Amendment

50. Plaintiffs re-alleges and incorporates herein by reference the allegations in paragraphs 1 through 44.

51. When Defendant Officer AVILA arrested Plaintiff for walking after dark near her home, he violated Plaintiffs' right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution in that Defendants, and each of them, only targeted persons who were Transgendered as held in *Baluyut V. Superior Court*, (1996) 12 Cal. 4th 826.

52. As a proximate result of the acts of Defendants, and each of them as herein alleged, Plaintiff was compelled to expend money all to her damage in an amount according to proof.

53. As a proximate result of the acts of Defendants, and each of them, Plaintiff has suffered damage to her reputation, shame, humiliation, and embarrassment in the community.

.

## THIRD CAUSE OF ACTION—

## MONELL CLAIM AGAINST THE CITY OF SAN JOSE

### 42.U.S.C.1983

### Policy and Custom

54. Plaintiffs re-allege and incorporate herein by reference the allegations in paragraphs 1 through 44 above.

55. The City of San Jose, the San Jose Police Department have, under color of law, violated Plaintiffs' rights, privileges and immunities secured by the United States Constitution in violation of Section 1983 of Title 42 of the United States Code.

56. The above described customs, practices and policies demonstrate a deliberate indifference on the part of the Defendants, and each of them, to the constitutional rights of Transgendered Persons who wish to walk at night and were the cause of the violations of rights alleged herein.

57. During all relevant times, one or more of the Defendants—and particularly Defendant SGT. DOE III—established, maintained, encouraged, allowed, and/or ratified a custom, practice, or policy of providing inadequate training, supervision, instruction, oversight, and discipline to San Jose Police Officers, including those persons named above, thereby failing to adequately discourage constitutional violations and tacitly agreeing to violate Plaintiffs' constitutional rights.

58. The above described customs, practices, and policies demonstrate a deliberate indifference on the part of Defendants, and each of them—and particularly

.

Defendant SGT. DOE III—to the constitutional rights of Transgendered Persons who wish to walk at night and were the cause of the violations of Plaintiffs' rights alleged herein.

59. Plaintiffs were unlawfully seized, arrested/detained by Defendants without (a) warrant or (b) order or (c) commitment or (d) any other legal authority of any kind as Plaintiffs had not committed any crime or public offence.

60. The conduct as alleged above is ongoing and thus creating the likelihood of future injuries to Plaintiffs and the Plaintiff class.

61. Since Plaintiffs and the Plaintiff Class legally are entitled to walk at night, they face imminent danger of further arrest and harassment as alleged above.

62. As a proximate result of the acts of Defendants, and each of them as herein alleged, Plaintiffs and members of the Plaintiff class was compelled to expend money all to their damage in an amount according to proof.

63. As a proximate result of the acts of Defendants, and each of them, Plaintiffs and members of the Plaintiff Class have suffered damage to their reputation and shame, humiliation and embarrassment in the community.

**FOURTH CAUSE OF ACTION—**

**MONELL CLAIM AGAINST THE COUNTY OF SANTA CLARA**

42.U.S.C.1983

Policy and Custom

64. Plaintiffs re-allege and incorporate herein by reference the allegations in paragraphs 1 through 44 above.

.

65. The COUNTY OF SANTA CLARA through the Main Jail have, under color of law, violated Plaintiffs' rights, privileges, and immunities secured by the United States Constitution in violation of Section 1983 of Title 42 of the United States Code by housing transgendered females with males.

66. The above described customs, practices, and policies demonstrate a deliberate indifference on the part of the Defendants, and each of them, to the constitutional rights of Transgendered Persons who wish to be housed with like persons.

67. During all relevant times, one or more of the Defendants—and particularly Defendant DOE IV—established, maintained, encouraged, allowed, and/or ratified a custom, practice, or policy of providing inadequate training, supervision, instruction, oversight, and discipline to Main Jail personnel including those persons named above, thereby failing to adequately discourage constitutional violations and tacitly agreeing to violate Plaintiffs' constitutional rights.

68. The above described customs, practices, and policies demonstrate a deliberate indifference on the part of Defendants, and each of them—and particularly Defendant DOE IV—to the constitutional rights of Transgendered Persons who wish to be housed with like persons.

69. The conduct as alleged above is ongoing, creating the likelihood of future injuries to Plaintiffs, and the Plaintiff class.

70. Since Plaintiffs and the Plaintiff Class legally are entitled to be housed together, they face imminent danger of further unlawful incarceration and harassment as alleged above.

.

71. As a proximate result of the acts of Defendants, and each of them, as herein alleged, Plaintiffs and members of the Plaintiff class was compelled to expend money all to their damage in an amount according to proof.

72. As a proximate result of the acts of Defendants, and each of them, Plaintiffs and members of the Plaintiff Class have suffered damage to their reputation and shame, humiliation and embarrassment in the community.

### FIFTH CAUSE OF ACTION—

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

73. Plaintiffs re-allege and incorporate herein by reference the allegations in paragraphs 1 through 44 above

74. Defendant AVILA and Does I through X, each of them, did cause Plaintiff to be unlawfully seized, brutally handcuffed, and housed with males with the intent to inflict serious and severe emotional distress.

75. In doing the aforementioned acts, Defendants, and each of them, inclusively engaged in conduct which was intentional, outrageous, malicious, and done with the specific purpose of causing Plaintiff to suffer severe mental, emotional, and physical distress.

76. Plaintiff is entitled to and demand damages against Defendants jointly and severally, including but not limited to general and exemplary damages and attorney's fees.

.

## SIXTH CAUSE OF ACTION—

## NEGLIGENCE

77. Plaintiffs re-allege and incorporate herein by reference the allegations paragraphs 1 through 44 above.

78. Defendants, and each of them, inclusively behaved negligently, including violating California Civil Code § 1714, towards Plaintiff, causing her to be unreasonably seized, falsely arrested, subjected to criminal prosecution, and unlawfully incarcerated with males.

79. As a result of such negligence Defendants, inclusively and each of them, are liable to Plaintiffs for damages.

**WHEREFORE,** Defendant prays that this court:

A. Award Plaintiff reasonable compensatory damages against Defendants, jointly and severally, for violations of Federal Law as set forth above;

B. Award Plaintiff reasonable compensatory damages against Defendants, jointly and severally, for violations of state Law as set forth above;

C. Award Plaintiff punitive damages against Defendant officers in their individual capacities;

D. Award Plaintiff his costs, expenses, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

E. Enjoin the SAN JOSE POLICE DEPARTMENT from arresting Transgendered Persons on sight;

.

F. Repeal the 1882 law, still on the books, effectively criminalizing Transgendered Persons; and

E. And award such further relief as the court may deem just and proper.

Dated: July 8, 2020

*Bruce W. Nickerson*

Bruce W. Nickerson, Esq.
Attorney for the Plaintiff