1

2

3 **UNITED STATES DISTRICT COURT**

4 **NORTHERN DISTRICT OF CALIFORNIA**

5 **SAN JOSE DIVISION**

6

7 ROXANNE BOHREN,                          Case No. 20-cv-04529-BLF

8                    Plaintiff,

9         v.                                **ORDER GRANTING MOTIONS TO
                                             DISMISS WITH LEAVE TO AMEND
10 SAN JOSE POLICE DEPARTMENT, et al.,      IN PART AND WITHOUT LEAVE TO
                                             AMEND IN PART**
11                   Defendants.

12

13         Before the Court are Defendants' Motions to Dismiss. ECF 13, 30. The Court has

14 determined that the motions are appropriate for decision without oral argument. *See* Civ. L.R.

15 7-1(b). Accordingly, the hearing on the motions scheduled for January 28, 2021, is VACATED.

16 Based on the reasons stated below, the Court GRANTS the motions WITH LEAVE TO AMEND

17 IN PART and WITHOUT LEAVE TO AMEND IN PART.

18         Plaintiff Roxanne Bohren[1] filed the instant putative class action on July 8, 2020. ECF 1.

19 The next day, she filed a first amended complaint ("FAC") against the City of San Jose, San Jose

20 Police Officer Avila, Badge #4407 ("Officer Avila"), and the County of Santa Clara alleging (1)

21 violation of 42 U.S.C. § 1983 for false arrest, (2) violation of 42 U.S.C. § 1983 for discriminatory

22 arrest, (3) a *Monell*[2] claim against the City of San Jose, (4) a *Monell* claim against the County of

23 Santa Clara, (5) intentional infliction of emotional distress, and (6) negligence. FAC ¶¶ 7-9, 45-79,

24 ECF 5. The claims arise out of the San Jose Police Department's alleged wrongful arrest of

25 Bohren and her subsequent booking at Santa Clara County's Main Jail. *Id*. ¶¶ 18-43.

26

27 ───────────────
[1] The Court notes Plaintiff filed this action under the name Keith Bohren, but wishes to be referred
to as Roxanne, which reflects her status as a transgendered person. FAC ¶ 5. The Court refers to
28 Plaintiff as Roxanne or by the pronouns she and her.
[2] *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    On August 6, 2020, the City of San Jose and Officer Avila (the "San Jose Defendants")

2    filed a motion to dismiss Bohren's first, second, and fifth causes of action for failure to state a

3    claim under Fed. R. Civ. P. Rule 12(b)(6). ECF 13. The San Jose Defendants also moved for a

4    more definite statement under Rule 12(e) and to strike certain language under Rule 12(f). *See id.* at

5    13-15. In particular, the San Jose Defendants argued that (1) Bohren generally failed to include

6    sufficient facts to show she has a plausible claim for relief; (2) the false arrest claim must be

7    brought under the Fourth, not the Fourteenth, Amendment; (3) the discriminatory arrest claim fails

8    to satisfy the requirements articulated in *Lacey v. Maricopa County*, 693 F.3d 896, 920 (9th Cir.

9    2012); (4) Bohren failed to allege "extreme or outrageous conduct" to support her intentional

10   infliction of emotional distress claim; (5) all references to Doe Defendants must be stricken; (6)

11   references to an unidentified law from 1882 should be stricken or clarified with a more definite

12   statement; and (7) references to federal claims that Bohren does not bring should be stricken. *Id.* at

13   8-15.

14   Bohren replied to the motion by acknowledging the need to amend the FAC. ECF 17.

15   Bohren explained that she would amend her complaint to address alleged deficiencies (2), (3), (4),

16   and (6), and provided further facts in her response to address alleged deficiency (4). *Id.* at 1-5.

17   Bohren did not address the San Jose Defendants' arguments about striking references the Doe

18   Defendants or federal claims referenced but not brought by Bohren.

19   On October 23, 2020, the County of Santa Clara filed a motion to dismiss Bohren's fourth,

20   fifth, and sixth causes of action.[3] ECF 30 at 6-7. The County argued that Bohren's fourth claim

21   fails to allege the requisite facts to show her constitutional rights were violated at the Main Jail or

22   that the County was responsible for the alleged deprivation of her rights. *Id.* The County argued

23   that Bohren's fifth and sixth claims are legally barred by Cal. Gov't Code § 844.6, which prohibits

24   public entity liability for injury to a prisoner. *Id.* Bohren did not respond to this motion.

25   Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a

26   short and plain statement of the claim showing that the pleader is entitled to relief." A complaint

27

28   _____
[3] The County believes that Claims 1-3 are not brought against it. *See* ECF 30 at 6-7.

1   that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure

2   12(b)(6). In other words, "[a] motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)

3   for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a

4   claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro*

5   *v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). To survive a Rule 12(b)(6) motion, a complaint must

6   contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

7   *Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

8   factual content that allows the court to draw the reasonable inference that the defendant is liable for the

9   misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not

10  akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has

11  acted unlawfully." *Id.* (internal quotation marks omitted).

12          In evaluating the complaint, the court must "accept factual allegations in the complaint as true

13  and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul*

14  *Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). At the same time, a court need not

15  accept as true "allegations that contradict matters properly subject to judicial notice" or "allegations

16  that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead*,

17  536 F.3d at 1055 (internal quotation marks and citations omitted).

18          Because there is no dispute as to the legal deficiency of claims one, two, and five against

19  the San Jose Defendants, the Court DISMISS them WITH LEAVE TO AMEND. *See* ECF 17 at

20  1-3 (acknowledging the need to amend). The Court further directs Bohren that additional

21  allegations about her intentional infliction of emotional distress claim must be contained within

22  the second amended complaint, not her response to the motion. *See id.* at 4-5.

23          The Court GRANTS the San Jose Defendants' request to strike references to federal claims

24  that Bohren references but does not ultimately bring, specifically 42 U.S.C. § 1985, 42 U.S.C. §

25  1988, 18 U.S.C. § 1961 *et seq.*, and the Commerce Clause. Bohren may reference these claims in

26  her amended complaint if she chooses to bring violations under these laws.

27          The Court GRANTS the San Jose Defendants' request for a more definite statement about

28  an unidentified law from 1882. The Court notes that Bohren offered to provide the Court

United States District Court
Northern District of California

3

1    additional information about the law in the form of a video of a "large volume in the Dr. Martin

2    Luther King, Jr. library in San Jose." ECF 17 at 5. This does not directly address the San Jose

3    Defendants' objection, nor is it the proper form of a citation. If Bohren would like to incorporate

4    this law into her amended complaint, she must provide a legal citation with which Defendants can

5    reference and research the relevant law.

6         The Court DENIES the San Jose Defendants' request to strike references to the Doe

7    Defendants. Although the use of "John Doe" to identify a defendant is generally not favored,

8    "situations arise, such as the present, where the identity of alleged defendants will not be known

9    prior to the filing of a complaint." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Such is

10   the case here as Bohren has alleged facts about the conduct of Does Defendants. *See, e.g.,* FAC §§

11   31-32, 36, 37, 41, 47.

12        The Court DISMISSES claim four against the County of Santa Clara WITH LEAVE TO

13   AMEND. To state a claim for relief pursuant to § 1983, Bohren must "plead that (1) the

14   defendants acted under color of state law and (2) deprived plaintiff of rights secured by the

15   Constitution or federal statutes." *WMX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999)

16   (en banc) (quoting *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986)).  Bohren has not

17   alleged that she has a constitutional right be housed with transgendered women, nor has she

18   pointed the Court to any authority to this end. *See Beverly v. Orange Cty. Sheriff*, No. SA CV 20-

19   797-JGB (PJW), 2020 WL 5834282, at *3 (C.D. Cal. Aug. 3, 2020), *report and recommendation*

20   *adopted*, No. SA CV 20-797-JGB (PJW), 2020 WL 5834280 (C.D. Cal. Aug. 26, 2020) (noting

21   there does not appear to be any authority to support the argument that a transgender woman has a

22   constitutional right to be housed in a separate jail from men). Bohren has also failed to plead a

23   claim under *Monell*, which requires she allege that Santa Clara County had a policy that amounts

24   to deliberate indifference to her constitutional right, and that this policy was "the moving force

25   behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir.

26   2011) (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill,* 130 F.3d 432, 438 (9th Cir.1997)

27   (internal quotation marks omitted)).

28        The Court DISMISSES claims five and six against the County of Santa Clara WITHOUT

United States District Court
Northern District of California

4

LEAVE TO AMEND. Under Cal. Gov't Code § 844.6(a)(2), a public entity is generally not liable for "an injury to any prisoner." A prisoner for purposes of section 844.6 is defined as "an inmate of a prison, jail, or penal or correctional facility." Cal. Gov't Code § 844. "A lawfully arrested person who is brought into a law enforcement facility for the purpose of being booked . . . becomes a prisoner, as a matter of law, upon his or her initial entry into a prison, jail, or penal or correctional facility, pursuant to penal processes." *Id*. This Court has held that a "person need not be lawfully arrested to qualify as a prisoner under section 844.6." *Holland v. City of San Francisco*, No. C10-2603 THE, 2010 WL 5071597, at *8-9 (N.D. Cal. Dec. 7, 2010). Courts in this district have previously found that Cal. Gov't Code § 844.6 bars a plaintiff from bringing negligence and intentional infliction of emotional distress claims against a county government based on injuries flowing from plaintiff's detention in jail. *See Luttrell v. Hart*, No. 5:19-CV-07300-EJD, 2020 WL 5642613, at *6-7, 10 (dismissing without leave to amend).

Plaintiff SHALL file an amended complaint **no later than January 28, 2021**.


**IT IS SO ORDERED.**


Dated: December 28, 2020

_____
BETH LABSON FREEMAN
United States District Judge