# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ROXANNE BOHREN, <br> Plaintiff, <br> v. <br> SAN JOSE POLICE DEPARTMENT, et al., <br> Defendants. | Case No. 20-cv-04529-BLF <br><br> **ORDER GRANTING MOTIONS TO DISMISS** |

Before the Court are motions to dismiss by Defendant County of Santa Clara, *see* County Mot., ECF 36, and Defendants City of San Jose, San Jose Police Department, and San Jose police officer Avila (collectively, "City Defendants"), *see* City Mot., ECF 37. Plaintiff Roxanne Bohren concedes the dismissal of her operative complaint, the second amended complaint, *see* SAC, ECF 35. Opp'n to County Mot., ECF 39; Opp'n to City Mot., ECF 38 ("Plaintiff basically agrees with much of Defendant City of San Jose's problem with Plaintiff's Second Amended Complaint and believes that it can be cured by amending it one last time.").

Ms. Bohren has submitted a proposed third amended complaint. *See* 3AC, ECF 39-1. Both the City and County Defendants argue that the proposed third amended complaint is still deficient and ask the Court to dismiss this case with prejudice. *See* County Reply, ECF 41; City Reply, ECF 42. The Court GRANTS both unopposed motions to dismiss the second amended complaint.

The Court has evaluated Ms. Bohren's proposed third amended complaint in order to evaluate whether these motions should be granted with leave to amend. *See Foman v. Davis*, 371 U.S. 178 (1962), *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by

amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. When evaluating futility, the Court is mindful that, to survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). In evaluating the complaint, the court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Ms. Bohren brings five causes of action stemming from her alleged wrongful arrest and subsequent booking at Santa Clara County's Main Jail: 1) violation of 42 U.S.C. § 1983 against Defendant Avila for false arrest under the Fourth Amendment; 2) violation of 42 U.S.C. § 1983 against Defendant Avila for discriminatory arrest under the Fourteenth Amendment; 3) a *Monell*[1] claim against the City and San Jose Police Department; 4) a *Monell* claim against the County; and 5) intentional infliction of emotional distress against Defendant Avila. *See* 3AC.  The Court will review each claim separately.

### 1. Claim One: False Arrest Against Defendant Avila

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Lacey v. Maricopa County.*, 693 F.3d 896, 918 (9th Cir. 2012) (quoting *Dubner v. City & County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001)). "Probable cause exists when there is a fair probability or substantial chance of criminal activity." *Lacey*, 693 F.3d at 918 (quoting *United States v. Patayan Soriano*, 361 F.3d 494, 505 (9th Cir. 2004)). "It is well-settled that 'the determination of probable cause is based upon the totality of the circumstances known to the

---

[1] *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978)

officers at the time of the search.'" *Lacey*, 693 F.3d at 918 (quoting *United States v. Bishop*, 264 F.3d 919, 924 (9th Cir. 2001)).

Here, Ms. Bohren has alleged in the third amended complaint that Defendant Avila arrested her while she was walking home. 3AC ¶ 28. Defendant Avila arrested her for allegedly violating California Penal Code 653.22, loitering for the purpose of prostitution, which Ms. Bohren denies, and no charges were ever filed against her. 3AC ¶¶ 28-29, 70. The Court finds that the proposed amendments in the third amended complaint on this claim are not futile.

### 2. Claim Two: Discriminatory Arrest Against Defendant Avila

"To prevail on an equal protection claim under the 'Fourteenth Amendment, a plaintiff must demonstrate that enforcement had a discriminatory effect and the police were motivated by a discriminatory purpose.'" *Lacey*, 693 F.3d at 920 (quoting *Rosenbaum v. City & County of San Francisco*, 484 F.3d 1142, 1152 (9th Cir. 2007)). To state a claim, Ms. Bohren "need only allege some facts, either anecdotal or statistical, demonstrating 'that similarly situated defendants ... could have been prosecuted, but were not." *Lacey*, 693 F.3d at 920 (quoting *United States v. Armstrong*, 517 U.S. 456, 469 (1996)); *see also Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir.1995) ("[I]t is necessary to identify a 'similarly situated' class against which the plaintiff's class can be compared."). Here, Ms. Bohren has alleged that she, a transgender woman, was arrested by Defendant Avila for walking at night, while men and cisgender women, or women who identify with their sex assigned at birth, are not arrested for walking at night, and the treatment she received was thus discriminatory. 3AC ¶¶ 65-66. The Court finds that the proposed amendments in the third amended complaint on this claim are not futile.

### 3. Claim Three: *Monell* Claim Against Defendants City of San Jose and San Jose Police Department

Ms. Bohren alleges that Defendants City of San Jose and the San Jose Police Department have a long-standing policy of arresting transgender women who walk at night, and Defendants' customs, practices, and policies demonstrate a deliberate indifference to the constitutional rights of transgender women. 3AC ¶¶ 86-87. "A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force

3

1  behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th
2  Cir. 2011) (citing *Monell*, 436 U.S. at 694). "In order to establish liability for governmental
3  entities under *Monell*, a plaintiff must prove '(1) that [the plaintiff] possessed a constitutional right
4  of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to
5  deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving
6  force behind the constitutional violation.'" *Dougherty*, 654 F.3d at 900 (alterations in original)
7  (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)). The
8  Court finds that the proposed amendments in the third amended complaint on this claim are not
9  futile.

### 4. Claim Four: *Monell* Claim Against Santa Clara County

Ms. Bohren alleges that she has a constitutional right to be housed separately from men in carceral settings, and she cites a California state law passed in 2020 for this proposition. 3AC ¶¶ 96-98. However, a California state law—that was not in effect at the time of Ms. Bohren's July 2019 arrest—cannot form the basis of a Section 1983 claim, which protects rights secured by the United States Constitution and federal, not state, laws. *West v. Atkins*, 487 U.S. 42, 48 (1988). Ms. Bohren has not pled that she was deprived of a constitutional right. *See Beverly v. Orange County Sheriff*, No. SA CV 20-797-JGB (PJW), 2020 WL 5834282, at *3 (C.D. Cal. Aug. 3, 2020) (noting there does not appear to be any authority to support the argument that a transgender woman has a constitutional right to be housed in a separate jail from men), *report and recommendation adopted*, No. SA CV-20-797-JGB (PJW), 2020 WL 5834280 (C.D. Cal. Aug. 26, 2020). The Court also notes that Ms. Bohren has not pled that she was placed in a cell with any men. Accordingly, the Court finds that the proposed amendment on this claim is futile, and Ms. Bohren has repeatedly failed to cure the deficiency with this claim. Therefore, this claim is DISMISSED WITH PREJUDICE, and the County is DISMISSED from this case.

### 5. Claim Five: Intentional Infliction of Emotional Distress Against Defendant Avila

Finally, Ms. Bohren brings a claim for intentional infliction of emotional distress against Defendant Avila. She specifically alleges that Defendant Avila laughed at her when she asked to

lock her home before departing, 3AC ¶ 105, took her to an unmarked, grey warehouse instead of the jail immediately after arresting her, 3AC ¶¶ 32-36, and intentionally referred to her in a traumatizing way, 3AC ¶ 35. "A cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009) (internal citations and quotations omitted). "A defendant's conduct is 'outrageous' when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* at 1050-51 (internal citations and quotations omitted). "And the defendant's conduct must be intended to inflict injury or engaged in with the realization that injury will result." *Id.* at 1051 (internal citations and quotations omitted). The Court cannot find as a matter of law that Ms. Bohren's proposed amendments on this claim are futile.

### 6. Conclusion

As stated above, the Court GRANTS Defendants' unopposed motions to dismiss Ms. Bohren's second amended complaint. Because the proposed amendment on claim four, the *Monell* claim against the County, is futile, that claim is DISMISSED WITH PREJUDICE, and the County is DISMISSED from the case. Ms. Bohren shall file her proposed third amended complaint separately on the docket by July 27, 2021. Absent leave of the Court, the only permitted amendment is the deletion of claim four. No additional claims or parties may be added.

**IT IS SO ORDERED.**

Dated: July 20, 2021

_____
BETH LABSON FREEMAN
United States District Judge