UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEITH BOHREN,<br><br>    Plaintiff,<br><br>v.<br><br>SAN JOSE POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 20-cv-04529-BLF<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND; VACATING STATUS HEARING; STAYING CASE**<br><br>[Re: ECF No. 71] |

    In this case, Plaintiff Keith Bohren ("Roxanne") brings four claims arising out of her alleged wrongful arrest. The Court previously dismissed all claims against the County of Santa Clara with prejudice and permitted the filing of an amended complaint against the San Jose police defendants. Before the Court is Defendants' motion to dismiss parts of the Fourth Amended Complaint. ECF No. 71 ("MTD"). Plaintiff filed a short opposition brief. ECF No. 72 ("Opp."). The Court finds the motion suitable for disposition without oral argument and VACATES the April 21, 2022 hearing. *See* Civ. L.R. 7-1(b). For the following reasons, the motion to dismiss is GRANTED IN PART WITH LEAVE TO AMEND.

    "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

1   inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation
2   marks and citations omitted). While a complaint need not contain detailed factual allegations, it
3   "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible
4   on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,
5   550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the
6   reasonable inference that the defendant is liable for the misconduct alleged." *Id*. On a motion to
7   dismiss, the Court's review is limited to the face of the complaint and matters judicially
8   noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v.
9   Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

10      Defendants make three arguments in their motion to dismiss. The Court considers each
11  argument below.

12      <u>Second and Fourth Causes of Action</u>. Defendants argue that the second and fourth causes
13  of action—a § 1983 claim based on an alleged Fourteenth Amendment violation and an intentional
14  infliction of emotional distress claim—must be dismissed because Plaintiff does not plead
15  nonconclusory facts supporting the elements of those claims. MTD at 7–8. Plaintiff responds that
16  the Court found that filing the third amended complaint, which included these allegations, would
17  not be futile. Opp. at 2.

18      Plaintiff's argument is nonresponsive. The Court's finding that the amendments Plaintiff
19  sought to make to these claims would not be futile was not a finding that Plaintiff's claim was
20  adequately pled for purposes of Rule 8, and the Court had not been presented with the arguments
21  that Defendants have now made in a motion to dismiss those claims. The Court has reviewed
22  claims two and four and concurs with Defendants that the allegations remain too conclusory to
23  support either claim, and on that basis the Court will DISMISS claims two and four.

24      <u>Additional Claims and Parties</u>. Defendants protest that Plaintiff added the names of five
25  officers and appears to have added more claims against Officer Avila (a previously named
26  defendant), which Defendants say exceeds the scope of the Court's order permitting amendment.
27  MTD at 9. Plaintiff responds that Defendants previously protested the use of Doe defendants and
28  cannot complain now that Plaintiff has added the actual names of the officers. Opp. at 3.

The Court agrees with Plaintiff. While the Court's previous order stated that the only permitted modification to Plaintiff's proposed third amended complaint was removal of the claim asserted against the County of Santa Clara (which the Court had dismissed with prejudice), ECF No. 45 at 5, the proposed third amended complaint also named Doe defendants. Plaintiff's replacement of Doe defendants with their actual names does not add additional parties, as Defendants contend. And contrary to Defendants' suggestions otherwise, the claims in the third amended complaint that the Court approved for filing did reference the Doe defendants in the paragraphs of each claim. *See, e.g.*, ECF No. 39-1 at ¶¶ 75–79 (referencing three Doe defendants and Officer Avila). The Court declines to strictly interpret the causes of action based solely on the caption—which admittedly did not name the Doe defendants—when the Doe defendants are specifically named in the paragraphs in the causes of action. The Court thus DENIES the motion to dismiss the officers now named as Defendants and previously named as Does. Because the Court is giving leave to amend as explained below, in any subsequent motion to dismiss Defendants are not foreclosed from arguing that Plaintiff has impermissibly added new claims or parties to the amended complaint (as opposed to merely assigning actual names to Doe defendants).

Class Action Allegations. Defendants ask the Court to strike the class allegations from the complaint. MTD at 9–10. Plaintiff agrees and says that she will proceed on an individual basis. Opp. at 3. Accordingly, the class allegations are STRICKEN. This case will proceed as an individual action only.[1]

\*   \*   \*

The docket indicates that Plaintiff's former counsel has passed away and that new counsel has appeared solely for the purpose of representing her in ongoing settlement discussions. *See* ECF No. 82. This leaves Plaintiff without counsel to fully litigate this case. The Court also has concerns that Plaintiff's representation during the briefing on the motion to dismiss may not have

---

[1] The Court declines to strike the allegation that Plaintiff was housed in the County jail with men, which Defendants request in only a cursory manner. *See* MTD at 2; Reply at 3.

been fully adequate. Accordingly, the Court's dismissal of the second and fourth claims will be with leave to amend to allow Plaintiff, when she obtains legal counsel, to pursue amendment of those claims and capably oppose any motion to dismiss that follows from Defendants. Additionally, the Court will stay this case for approximately 30 days and vacate the upcoming status conference to allow Plaintiff to secure full legal representation.

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED IN PART WITH LEAVE TO AMEND as to the second and fourth causes of action. The class allegations are STRICKEN WITH PREJUDICE. The status conference scheduled for April 21, 2022 is VACATED. This case is STAYED until April 29, 2022, with the exception of ongoing settlement discussions, to allow Plaintiff to obtain legal representation to litigate this case or to decide to present herself pro se. Plaintiff SHALL file a status report on April 29, 2022 informing the Court whether she found legal representation. After Plaintiff secures legal representation, she may file an amended complaint. The amended complaint may not exceed the scope of amendment permitted by this order. Addition of new parties or claims is not permitted without leave of Court or consent of Defendants. Any amended complaint SHALL be filed within 21 days of the Court lifting the stay.

Dated: March 21, 2022

_____
BETH LABSON FREEMAN
United States District Judge